JONES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-026-CR

MICHAEL ANTON JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Anton Jones appeals from his conviction for engaging in organized criminal activity — murder.  Appellant pled not guilty, a jury found him guilty, and the trial court assessed his punishment as fifty years’ confinement.  In four points on appeal, Appellant contends the trial court erred in overruling his motions for specific performance of a plea agreement and for instructed verdict of acquittal, and in admitting certain evidence.  We affirm.

Factual and Procedural Background

Appellant, a member of a Wichita Falls street gang, shot and killed Donald Carroll, a member of a rival street gang.  The indictment alleged, in part, as follows:  

[T]hat MICHAEL ANTON JONES . . . did then and there and intentionally or knowingly cause the death of an individual, namely Donald Carroll, by shooting Donald Carroll with a deadly weapon, namely a firearm, and the defendant committed the offense as a member of a criminal street gang, namely Hoova 107.

Appellant signed a form entitled “Notice of Plea Bargain and Request for Setting.”  Under the terms of the notice, the district attorney would recommend an eight-year sentence to the offense of aggravated assault with a deadly weapon if Appellant would cooperate with the district attorney’s office.  Appellant made an incriminating statement on videotape, incriminating himself as the triggerman.  The State later withdrew from the plea agreement.  Appellant moved to enforce the plea agreement and moved to suppress his statement.  At the pretrial hearing on the motions, the trial court refused to enforce the plea agreement, without hearing any evidence.

At trial, Appellant entered a plea of not guilty.  Appellant’s accomplice, Rickey Mollice, testified against him and indicated that Appellant was the triggerman.  A .38 caliber pistol was entered into evidence as the murder weapon.

The Plea Agreement

Appellant first complains about the trial court’s overruling of his motion for specific performance of the plea agreement.  The State argues that although Appellant signed the notice form, the parties never reached an agreement.  Regardless of whether the parties reached an agreement, the State withdrew its agreement prior to the entry of Appellant's plea, and the trial court refused to be bound by it.  Because a plea agreement is an executory contract, it does not become operative until the defendant has entered his plea and the trial court has announced that it will be bound by the agreement.  
Bryant v. State,
 974 S.W.2d 395, 398 (Tex. App.—San Antonio 1998, pet. ref’d);
 see also DeRusse v. State,
 579 S.W.2d 224, 236 (Tex. Crim. App. [Panel Op.] 1979).  Because the State withdrew its alleged agreement before Appellant entered his plea,
(footnote: 2) and because the trial court refused to be bound by it, Appellant was not entitled to enforce the agreement.  
See DeRusse,
 579 S.W.2d at 236.  We overrule his first point.

The Gun

Appellant next contends that the trial court erred in admitting State’s Exhibit Number 26 into evidence because the firearm examiner was unable to conclusively state that the bullets recovered from the victim’s body came from that weapon.  Regardless of the nonconclusive nature of the firearm examiner’s testimony, Rickey Mollice, Appellant’s accomplice and eye-witness to the crime, unequivocally identified the gun as the murder weapon.  The gun, therefore, was admissible, and we overrule Appellant’s second issue.  
See Hall v. State,
 862 S.W.2d 710, 716 (Tex. App.—Beaumont 1993, no pet.) (holding that gun defendant allegedly used during robbery was admissible into evidence even where the victim equivocated in her identification of it).

The Motion for Instructed Verdict

In his remaining two points, Appellant contends that the trial court erred in overruling his motion for instructed verdict of acquittal.  First, Appellant claims that a fatal variance exists between the allegations in the indictment and the proof at trial.  He contends that the while the indictment alleges that Appellant committed the offense of engaging in organized criminal activity “as a member of a criminal street gang, namely Hoova 107,” the evidence instead shows that he was a member of a street gang that was named simply “107.”  Appellant objected to this defect, error, or irregularity at trial.

Contrary to Appellant’s theory that 107 is a gang distinct from the Hoova gang, testimony from one of Appellant’s own witnesses shows that “107 is one sect under Hoova.”  If a person is a member of 107, therefore, he is also a member of Hoova.  We hold that no variance exists.  

Second, Appellant argues that Mollice’s testimony was insufficiently corroborated to sustain the conviction, particularly in light of Appellant’s admission that he himself was the triggerman.  
See 
Tex. Code Crim. Proc. Ann.
 art 38.14 (Vernon 1979).  Article 38.14 of the Code of Criminal Procedure provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Id
.  The test for weighing the sufficiency of corroborative evidence is to eliminate from consideration the testimony of the accomplice witness and then examine the testimony of other witnesses or other inculpatory evidence to ascertain if evidence exists that tends to connect the accused to the commission of the offense.  
Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).  The nonaccomplice evidence need not be sufficient in itself to establish the accused's guilt beyond a reasonable doubt.
  Id.  
Nor is it necessary for the nonaccomplice evidence to directly link the accused to the commission of the offense.  
Id.
  The accomplice witness rule is satisfied if there is 
some
 nonaccomplice evidence which tends to connect the accused to the commission of the offense alleged in the indictment.  
Id.

Here, both testimonial and physical nonaccomplice evidence existed.  First, Cherie Wallace’s testimony directly linked Appellant to the murder.  She testified that Appellant told her that he had shot Donald Carroll.  Second, Mollice testified that Appellant ran across Humphreys Street and started shooting into the victim’s vehicle.  Niesha Davis, a nonaccomplice eye-witness, testified that she was a passenger in the victim’s vehicle, which was parked on Humphreys Street.  Davis testified that she saw an individual run across the road, followed by gunshots.

Denise Oates, another nonaccomplice witness, testified that shortly after the shooting, Mollice and Appellant arrived together at her residence.  Lisa Sheppard, also a nonaccomplice witness, observed a green car at the scene of the shooting.  Officer Richard Waters testified that the vehicle believed to have been involved in the shooting was a green Dodge Neon.  Melissa Honeycutt testified that on the day before the murder, Appellant had borrowed her green Dodge Neon.  When Officer Waters attempted to stop the green Neon on the day of the shooting, Mollice, the driver, “hit the gas.”  Mollice “bail[ed] out of” the vehicle, and Appellant, the passenger, remained in the vehicle until it crashed into a tree.  Appellant then exited the vehicle and ran, but was immediately apprehended.

Evidence that an accused was in the company of the accomplice close to the time of the offense, coupled with other suspicious circumstances, may tend to connect the accused to the offense.  
Gill v. State, 
873 S.W.2d 45, 49 (Tex. Crim. App. 1994).  Here, all of the nonaccomplice testimony tends to connect Appellant to the offense.
  See Hernandez,
 939 S.W.2d at 176.  We overrule Appellant’s remaining two points.

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 7, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Additionally, Appellant did not plead guilty in accordance with the plea agreement.  Instead, he plead not guilty.